

**SIGNED this 15th day of October, 2009.**

_____
**LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE**

_____

# United States Bankruptcy Court
**Western District of Texas
San Antonio Division**

| | |
|---|---|
| IN RE | BANKR. CASE NO. |
| ROBERT E. TRACY & JENNIFER TRACY | 08-51663-C |
| *DEBTOR S* | CHAPTER 7 |
| ROBERT E. TRACY & JENNIFER TRACY | |
| *PLAINTIFFS* | |
| V. | ADV. NO. 08-5125-C |
| BANK OF AMERICA, N.A. | |
| *DEFENDANT* | |

### DECISION ON COMPLAINT FOR CONTEMPT UNDER SECTION 362(K)

CAME ON for trial the foregoing matter. After consideration of the evidence, the court concludes that there was a technical violation of the automatic stay by the Defendant, by virtue of the demand sent out by Plaza Associates, for which Defendant Bank of America, N.A. was responsible for setting in motion. The court further finds that the violation was not wilful, after consideration of the testimony of the witness for the Defendant. The court also finds that the

exculpatory language contained on the bottom of the demand letter is not effective to render the demand "not a demand." That is, the demand violates the stay by virtue of being made, regardless of the exculpatory language on the written demand.

The court further finds that the Plaintiff suffered actual damages in the amount of attorneys' fees for the prosecution of this adversary proceeding. The court finds that the Plaintiff did not suffer further actual damages. The court further finds that, on the facts of this case, punitive damages are not warranted. The court further finds that no further injunction is required in this case, nor is the court justified on the facts of this case in enjoining Bank of America, N.A. in cases not currently before this court.

As a matter of law, a violation of the automatic stay is actionable under section 362(k). Damages are limited to actual damages, including reasonable attorneys' fees expended to vindicate the automatic stay. Even an innocent violation may be actionable. In the case of a lender such as Bank of America, N.A., such lenders are expected to put in place procedures to prevent such stay violations from occurring. It is for that reason that an assessment of attorneys' fees in favor of the Plaintiffs is appropriate here. By the same token however, lack of sufficient care in preventing such violations is not the same as malice or wilfulness on the part of the lender. Without wilful misconduct or malice, punitive damages are not warranted.

The evidence did not establish by a preponderance that the Plaintiffs in fact suffered any actual damages beyond the incurrence of attorneys' fees in this case. While the court is sympathetic that debtors have a right to expect not to be subject to collection actions after the petition is filed, debtors should not look at non-wilful violations as the functional equivalent of winning the lottery. It is enough of a penalty here that the Defendant must pay the Plaintiffs' attorneys' fees. No other award is justified either by the evidence or by public policy.

No injunction is required in this cause. It is entirely inappropriate for the court to issue a general injunction against Bank of America, N.A. based on the record before the court in this case. The court agrees that, on the right facts, such an injunction might be warranted. It is simply not warranted here.

For the reasons stated, judgment in favor of Plaintiffs is granted, awarding attorneys' fees to Plaintiff for Defendant's violation of the automatic stay. Attorneys' fees shall be submitted per the procedures set out in the Local Rules for the Western District of Texas. All other relief is denied.

# # #