**SO ORDERED.**

**SIGNED this 28th day of December, 2010.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
Western District of Texas
San Antonio Division

| | |
|---|---|
| IN RE<br><br>ROBERT E. TRACY & JENNIFER TRACY<br>*DEBTORS* | BANKR. CASE NO.<br><br>08-51663-C<br><br>CHAPTER 7 |
| ROBERT E. TRACY & JENNIFER TRACY<br>*PLAINTIFFS*<br><br>V.<br><br>BANK OF AMERICA, N.A.<br>*DEFENDANT* | ADV. NO. 08-5125-C |

**DECISION AND ORDER ON MOTION FOR ATTORNEYS' FEES**

In this adversary proceeding, the court ruled that the plaintiffs were entitled to recovery their attorneys' fees incurred in the prosecution of this action against Bank of America, N.A., for violation of the automatic stay. Plaintiffs' counsel has now filed their motion for attorneys' fees, seeking $7,851. The Defendant has responded, setting out numerous reasons why the Plaintiffs should not recover attorneys fees in this case.

The Defendant served an offer in compromise on the Plaintiffs' counsel, pursuant to Rule 68 of the Federal Rules of Civil Procedure, in the amount of $3,000. At that point

in time, the Plaintiff had not yet incurred anything close to that amount in attorneys' fees. Rule 68(d) says that, if the amount of the offer in compromise exceeds the amount of the judgment awarded, including the costs incurred up to the date of the offer, then the offeree must pay the costs incurred after the offer was made. *See* FED.R.CIV.P. 68 (d).

In a case involving the FDCPA, a district court ruled that a plaintiff could recover its attorneys' fees incurred after the offer in compromise, even though the underlying judgment plus costs did not exceed the offer in compromise as of the date of the offer. The court nonetheless allowed the plaintiff to recover attorneys' fees, based on its reading of Rule 68. The court noted that, where the statutory scheme defines attorneys' fees as distinct and separate from costs, those fees should not be included as "costs" within the meaning of Rule 68(d). Explained the court:

> The FDCPA provides for recovery of "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3) (emphasis added). "Simply stated, the words 'together with' are substantively and critically different from the phrase 'as part of.' Whereas the latter phrase plainly encompasses attorneys' fees within the universe of awardable costs, the former connotes that costs and fees are distinct entities that are commonly awardable." *Pedraza,* 313 F.3d at 1334; *see also Harmon v. Retrieval Masters Creditors Bureau, Inc.*, 07-80777-CIV-MIDDLEBROOKS (holding that Rule 68's cost-shifting was not triggered where the judgment ultimately obtained in a FDCPA case was the same as the offer, and noting in dicta that the underlying statute in *Marek,* 42 U.S.C. § 1988, which "defined costs to include attorney's fees," was distinct from the underlying statute at issue there, the FDCPA, which "do[es] not define costs to include attorney's fees.").

*Valencia v. Affiliated Group, Inc.*, 674 F.Supp.2d 1300, 1305 (S.D.Fla. 2009). Section 362(k) of title 11 uses similar language: "... an individual shall recover actual damages, including costs and attorneys' fees ...." Following that holding, the Plaintiffs in this case are entitled to recover their attorneys' fees even though the offer in compromise

2

exceeded the judgment as of the date of the offer in compromise. What is more, the cost-shifting mechanism in Rule 68(d) is not triggered. As the court in *Valencia* said:

> In summary, the Court finds that a plain reading of Rule 68 and FDCPA's attorney's fee provision, combined with close scrutiny of the reasoning underpinning the Supreme Court's decision in *Marek* and the cases that followed, compel the result reached here, namely, that in the instant case, where the FDCPA's attorney's fee provision explicitly distinguishes attorney's fees from awardable "costs," Rule 68's cost-shifting mechanism is not triggered, and Plaintiff is not precluded from recovering attorney's fees incurred after the date of the offer.

*Id.*, at 1306.

The remaining arguments of the Defendant are unavailing. A review of the request for attorneys fees indicates that the amount of fees requested is reasonable in light of the nature of the services rendered. Moreover, the request is actually modest, in view of the fact that the Plaintiffs had to proceed to trial on the merits and judgment in order to obtain an award. The hourly rate charged is also appropriate to an attorney of the skill level and experience of Plaintiffs' counsel.

Numerous arguments were made suggesting that the Plaintiffs refused to settle this case, driving up the costs. The only evidence of settlement in this case was the offer of compromise attached. Many cases were cited, suggesting that fee awards in cases brought for stay violations should be closely scrutinized to prevent opportunism on the part of debtor's counsel. There is merit to the argument. While the normal rule for enforcing injunctions might permit the plaintiff to recover both its actual damages and its reasonable expenses associated with obtaining that determination, *see Northside Realty Assoc., Inc. v. United States,* 605 F.2d 1348, 1356 (5th Cir. 1979), courts have developed a special rule requiring moving parties to mitigate their damages in actions brought under section 362(k). *See, e.g., Eskanos & Adler, P.C. v. Roman (In re Roman),*

283 B.R. 1, 12 (9th Cir. BAP 2002). While reasonable persons might differ regarding at what point in this case damages might have been mitigated, there is little doubt about one clear point where mitigation was possible -- when the offer in compromise was made to the Plaintiffs, at a point in time when the attorneys' fees incurred were only $1,400 or so. Had that offer been accepted at that point in time, counsel for the movant would have been adequately compensated for his services, and money would have been available as well to satisfy whatever damages the Plaintiffs themselves believed themselves to have suffered (they claimed significant emotional distress damages at trial).

The court elects that point in time, and that offer in compromise as the correct measure of fees due. Accordingly, fees in the amount of $3,000 are awarded to Plaintiffs in this case. Rule 68(d) is ruled inapplicable, for the reasons stated. All other relief not expressly granted is here denied.

# # #